**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CRUZ DUBON RAMIREZ
c/o 519 H Street NW
Washington, DC 20001

JOSE ANTONIO CISNEROS
c/o 519 H Street NW
Washington, DC 20001

      Plaintiffs,

v.

NOTTA BIKE OR BAR, LLC
d/b/a MERIDIAN PINT
3400 11th Street NW
Washington, DC 20010

PINNACLE CONSUMPTION, LLC
d/b/a BROOKLAND PINT
716 Monroe Street NE
Washington, DC 20017

JOHN ANDRADE
5623 8th Street N.
Arlington, VA 22205

      Defendants.

Civil Action No. _____

## **COMPLAINT**

1.      Defendants own and operate Meridian Pint and Brookland Pint, two restaurants in

Washington, DC.

2.      Plaintiff Cruz Dubon Ramirez worked primarily at Meridian Pint. At Meridian Pint,

Defendants paid Mr. Dubon Ramirez his regular hourly rate across all hours worked, including

overtime hours. Moreover, Defendants engaged in a practice of rounding down Mr. Dubon

Ramirez' hours, which further deprived him of wages. Finally, for a short period, Defendants assigned Mr. Dubon Ramirez to work at both Meridian Pint and Brookland Pint. However, Defendants did not pay overtime premiums for the aggregate number of hours worked at both restaurants.

3.     Plaintiff Jose Antonio Cisneros worked at Brookland Pint. Defendants did not pay Mr. Cisneros for the majority of his first week's hours.

4.     Plaintiffs bring this action to recover damages for Defendants' willful failure to pay minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and for Defendants' willful failure to pay minimum, regular, and overtime wages in violation of the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 et seq.

## Jurisdiction and Venue

5.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

6.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because at least one Defendant resides in this district and a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

7.     Cruz Dubon Ramirez and Jose Antonio Cisneros are adult residents of the District of Columbia.

8.     Notta Bike or Bar, LLC is a District of Columbia limited liability company. It does business as Meridian Pint. Its principal place of business is 3400 11th Street NW, Washington,

DC 20010. Its resident agent is Jecca Corporate Services, Inc., 1225 19th Street NW, Suite 320, Washington, DC 20036.

9.      Pinnacle Consumption, LLC is a District of Columbia limited liability company. It does business as Brookland Pint. Its principal place of business is 716 Monroe Street NE, Washington, DC 20017. Its resident agent is Jecca Corporate Services, Inc., 1225 19th Street NW, Suite 320, Washington, DC 20036.

10.      John Andrade is an adult resident of Virginia. He resides at 5623 8th Street N, Arlington, VA 22205. He owns both Notta Bike or Bar, LLC and Pinnacle Consumption, LLC. He exercises authority over their operations, including their pay practices and employee schedules.

11.      John Andrade operates both Notta Bike or Bar, LLC and Pinnacle Consumption, LLC as though they were one corporate enterprise.

12.      Juan Andrade told Mr. Dubon Ramirez that Brookland Pint needed another worker and that after he finished his days' work at Meridian Pint he should work at Brookland Pint.

13.      Upon information and belief, Notta Bike or Bar, LLC and Pinnacle Consumption, LLC share financial resources.

14.      Upon information and belief, Notta Bike or Bar, LLC and Pinnacle Consumption, LLC share material resources, such as restaurant supplies.

15.      Notta Bike or Bar, LLC and Pinnacle Consumption, LLC share employees.

16.      Notta Bike or Bar, LLC and Pinnacle Consumption, LLC coordinate the schedules of the employees who work at both restaurants, so as not to create a conflict with either restaurant.

**Factual Allegations**

17.      Defendants own and operate Meridian Pint, a restaurant and bar located at 3400 11th Street NW, Washington, DC 20010.

18.    Defendants own and operate Brookland Pint, a restaurant and bar located at 716 Monroe Street NE, Washington, DC 20017.

**Factual Allegations Specific to Plaintiff Cruz Dubon Ramirez**

19.    Plaintiff Cruz Dubon Ramirez worked at Meridian Pint from 2009 and until approximately July 10, 2016.

20.    Mr. Dubon Ramirez worked at Brookland Pint from approximately August 25, 2014 through approximately November 2, 2014.

21.    At all relevant times, Mr. Dubon Ramirez worked as a kitchen hand.

22.    At all relevant times, Mr. Dubon Ramirez performed duties such as washing dishes, cutting vegetables, and preparing food.

23.    At all relevant times, Mr. Dubon Ramirez typically and customarily worked five days a week at Meridian Pint.

24.    At all relevant times, Mr. Dubon Ramirez typically and customarily worked the following schedule at Meridian Pint:

| Day of Week | Daily Schedule | Break | Hours Worked |
|---|---|---|---|
| Monday | 6:00 a.m. – 3:00 p.m. | No Break | 9 Hours Worked |
| Tuesday | 6:00 a.m. – 3:00 p.m. | No Break | 9 Hours Worked |
| Wednesday | Off | Off | Off |
| Thursday | Off | Off | Off |
| Friday | 6:00 a.m. – 3:00 p.m. | No Break | 9 Hours Worked |
| Saturday | 6:00 a.m. – 3:00 p.m. | No Break | 9 Hours Worked |
| Sunday | 6:00 a.m. – 3:00 p.m. | No Break | 9 Hours Worked |
| | | | **Total: 45 Hours Worked** |

25.    At all relevant times, Mr. Dubon Ramirez worked at Meridian Pint approximately 30 minutes per day (2.5 hours per week) in addition to his schedule.

26.    At all relevant times, Defendants engaged in a practice of rounding down the hours worked by Mr. Dubon Ramirez.

4

27.     For example, on June 27, 2016, Mr. Dubon Ramirez worked 9 hours and 32 minutes at Meridian Pint. However, Defendants only paid Mr. Dubon Ramirez for 9 hours of work.

28.     At all relevant times, Mr. Dubon Ramirez was paid nothing for the additional 30 minutes per day (2.5 hours per week) of work at Meridian Pint.

29.     From approximately August 25, 2014 through approximately November 2, 2014, Mr. Dubon Ramirez worked approximately 13.5 hours a week at Brookland Pint.

30.     From approximately August 25, 2014 through approximately November 2, 2014, Mr. Dubon Ramirez worked a total of approximately 61 hours per week (47.5 hours at Meridian Pint and 13.5 hours at Brookland Pint).

31.     From approximately August 26, 2013 through January 25, 2015, Mr. Dubon Ramirez was paid $12.00 per hour at Meridian Pint, excluding the time rounded down.

32.     From approximately January 26, 2015 through July 10, 2016, Mr. Dubon Ramirez was paid $12.50 per hour at Meridian Pint, excluding the time rounded down.

33.     At all relevant times, Mr. Dubon Ramirez was paid $9.50 per hour at Brookland Pint.

34.     At all relevant times, Mr. Dubon Ramirez was paid by check every two weeks.

35.     At all relevant times, Mr. Dubon Ramirez was paid the same hourly rate across all hours, including overtime hours.

36.     At all relevant times, Mr. Dubon Ramirez was not paid a premium for his overtime hours.

37.     For the relevant period of time, Defendants did not pay Mr. Dubon Ramirez an overtime premium for approximately 885 overtime hours. Moreover, due to their practice of rounding down hours, Defendants paid Mr. Dubon Ramirez nothing for an additional 375 overtime hours.

38.     At all relevant times, Mr. Dubon Ramirez clocked in and out with a punch clock.

39.     Defendants owe Mr. Dubon Ramirez approximately **$15,635.00** in unpaid regular and overtime wages.

**Factual Allegations Specific to Plaintiff Jose Antonio Cisneros**

40.     Defendants employed Plaintiff Jose Antonio Cisneros from November 30, 2014 through December 27, 2015.

41.     At all relevant times, Mr. Cisneros worked at Brookland Pint.

42.     At all relevant times, Mr. Cisneros worked as a kitchen hand.

43.     At all relevant times, Mr. Cisneros performed duties such as washing dishes and cleaning.

44.     For his first 5 days of work, from November 30, 2014 through December 4, 2014, Mr. Cisneros worked 48 hours.

45.     For his work from November 30, 2014 through December 4, 2014, Defendants paid Mr. Cisneros nothing.

46.     Mr. Cisneros typically clocked in and out of work with a punch clock.

47.     However, from November 30, 2014 through December 4, 2014, Defendants had not yet programed their system to allow Mr. Cisneros to clock in and out of work.

48.     On December 5, 2014, Defendants enrolled Mr. Cisneros into their time clock system.

49.     On December 5-6, 2014, Mr. Cisneros worked a total of 15.45 hours.

50.     From November 30, 2014 through December 6, 2014, Mr. Cisneros worked 63.45 hours.

51.     Defendants had agreed to pay Mr. Cisneros the minimum wage of $9.50 per hour from November 30, 2014 through December 6, 2014.

52.     Mr. Cisneros was paid $146.78 for his 15.45 hours worked on December 5-6, 2014.

53.     Defendants did not pay Mr. Cisneros for the 48 hours he worked from November 30, 2014 through December 4, 2014.

54.     Defendants did not pay Mr. Cisneros an overtime premium for his overtime hours worked from November 30, 2014 through December 6, 2014.

55.     Defendants owe Mr. Cisneros approximately **$567.38** in unpaid minimum and overtime wages.

### GENERAL FACTUAL ALLEGATIONS

56.     At all relevant times, federal and District of Columbia law required Defendants to pay Plaintiffs one and one-half times Plaintiffs' hourly rate for all hours worked over 40 in any one workweek.

57.     At all relevant times, the federal minimum wage was $7.25 per hour.

58.     The District of Columbia minimum wage was $9.50 per hour from July 1, 2014 through June 30, 2015, and $10.50 per hour from July 1, 2015 through June 30, 2016.

59.     Defendants collectively owe Plaintiffs approximately **$16,202.38** in unpaid minimum, regular, and overtime wages.

60.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

61.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

62.     At all relevant times, Defendants had the power to fire Plaintiffs.

63.     At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

64.     At all relevant times, Defendants had the power to set Plaintiffs' rate of pay.

65.     At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs, or of how much Plaintiffs were paid for Plaintiffs' work, as

required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact number of hours worked by and wages owed to Plaintiffs will only be known through discovery.

66.     Defendants intentionally did not provide Plaintiffs with statements that itemized the actual number of hours worked and the amounts paid per hour, as required by D.C. Code § 32-1008 (b).

67.     Defendants intentionally did not provide Plaintiffs with statements that itemized the actual number of hours worked and the amounts paid per hour, in order to conceal the actual number of hours Plaintiffs worked and Plaintiffs' hourly rate.

68.     Defendants failed to provide Plaintiffs with notice of Plaintiffs' employer's name, address, telephone number, the employee's rate of pay, and the employer's regular payday, as required by D.C. Code § 32-1008 (c).

69.     Defendants intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009.

70.     Defendants did not provide Plaintiffs with actual or constructive notice of Plaintiffs' employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

71.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the minimum wage required by District of Columbia and federal law.

72.     At all relevant times, Defendants were aware that that they were legally required to pay Plaintiffs one and one-half times Plaintiffs' regular rate for all hours worked in excess of 40 hours in any one workweek.

73.     At all relevant times, Defendants were aware that that they were legally required to timely pay Plaintiffs all wages legally due to Plaintiffs.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

74.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

75.     Each Defendant was an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

76.     The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

77.     The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

78.     Defendants violated the FLSA by knowingly failing to pay Plaintiff Jose Antonio Cisneros the required minimum wage.

79.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

80.     Defendants violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times Plaintiffs' regular rate for hours worked in excess of 40 hours in any one workweek.

81.     Defendants' FLSA violations were willful.

82.     For their FLSA violations, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II

### FAILURE TO PAY WAGES UNDER THE DCWPCL

83.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

84.     Each Defendant was an "employer" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

85.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

86.     For purposes of the DCWPCL, "wages" include, among other things, minimum, regular, and overtime wages. D.C Code § 32-1301(3).

87.     Defendants violated the DCWPCL by knowingly failing to pay Plaintiffs all wages earned, including minimum, regular, and overtime wages, upon their next regular payday, or within 7 days from the date Defendants' employment of Plaintiffs concluded.

88.     Defendants' DCWPCL violations were willful.

89.     For their DCWPCL violations, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, on all counts, in the current total amount of **$73,566.12**, and grant the following relief:

    a.     Award Plaintiffs **$64,809.32**, consisting of the following overlapping elements:

        i.     unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii.      unpaid District of Columbia minimum, regular, and overtime wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.    Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

c.    Award Plaintiffs reasonable attorney's fees and expenses incurred in the prosecution of this action (currently, **$8,356.80**);

d.    Award Plaintiffs court costs (currently, **$400.00**); and

e.    Award any additional relief the Court deems just.

Date: September 8, 2016        Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*